IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK McDONALD,<br><br>      Plaintiff,<br><br>v.<br><br>RTX CORPORATION, GOODRICH CORPORATION, and ATLANTIC INERTIAL SYSTEMS, INC. d/b/a COLLINS AEROSPACE,<br><br>      Defendants. | Civil Action No. 3:25-cv-1912<br><br>REMOVED FROM THE STATE OF CONNECTICUT, WATERBURY SUPERIOR COURT, RETURN DATE: DECEMBER 16, 2025<br><br>**November 14, 2025** |

## NOTICE OF REMOVAL

Defendants RTX Corporation, Goodrich Corporation, and Atlantic Inertial Systems, Inc. d/b/a Collins Aerospace ("Defendants"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removes the above-titled action, which is pending in the Superior Court for the State of Connecticut. In support of this Notice of Removal, Defendant states as follows:

### Nature of the Action

1. On October 29, 2025, Plaintiff Mark McDonald ("Plaintiff" or "McDonald") filed a Complaint with the State of Connecticut Superior Court, Judicial District of Waterbury, titled Mark McDonald v. RTX Corporation, et al., Return Date December 16, 2025 (the "State Court Action"). Plaintiff's Complaint in the State Court Action names RTX Corporation, Goodrich Corporation, and Atlantic Inertial Systems, Inc. d/b/a Collins Aerospace as the Defendants.[1] Pursuant to 28 U.S.C. §1446, a true and accurate copy of the Summons, Complaint, and all other

---

[1] The correct name for the legal entity for the location where Plaintiff worked is Atlantic Inertial Systems, Inc. ("AIS"). AIS is a subsidiary of Goodrich Corporation. Collins Aerospace is a marketing name, not a legal entity.

2

pleadings, orders, and other papers or exhibits of every kind in the State Court Action are attached hereto as <u>Exhibit A</u>.

2.    In his Complaint, Plaintiff alleges that, while employed at Collins Aerospace, he was retaliated against in violation of the Federal False Claims Act, 31 U.S.C. § 3730(h) ("False Claims Act").  Plaintiff also asserts a claim against Defendants under Conn. Gen. Stat. §31-51q.

3.    The Summons and Complaint were served on RTX Corporation on November 4, 2025, and on the remaining Defendants on October 29, 2025 via the Service Processor.

4.    Defendants did not file any pleadings in the State Court Action.

### **Timeliness of Removal**

5.    Because Defendants filed this Notice of Removal within 30 days of service of the Summons and Complaint, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

### **Basis for Removal—Federal Question**

6.    Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

7.    In this case, the requirements of 28 U.S.C. § 1331(a) have been met because Plaintiff brings claims against Defendants under False Claims Act, 31 U.S.C § 3730(h), a federal statute (See <u>Exhibit A</u>, Complaint, Counts One, p. 8-9).

8.    Pursuant to 28 U.S.C. §1967, this Court has supplemental jurisdiction over Plaintiff's remaining state law claims under Conn. Gen. Stat. §31-51q because it is so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.

## Venue

9. Venue is proper in this district because this Court embraces Hartford County, Connecticut, the place where the State Court Action is pending. 28 U.S.C. § 1441(a).

## Notice of Removal to Plaintiff and the Superior Court

10. Pursuant to 28 U.S.C. § 1446, prompt written notice of this Notice of Removal is being served upon Plaintiff, and the original is being filed in the State Court Action with the Clerk of the Superior Court for the State of Connecticut, as required by 28 U.S.C. § 1446. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit B.

## Conclusion

11. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendants' factual allegations have evidentiary support and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

12. By filing this Notice of Removal, Defendants do not waive any defenses available at law, in equity, or otherwise, including its right to file a Motion to Dismiss the Complaint.

321789797v.2

Dated: November 14, 2025

Respectfully submitted,

**RTX CORPORATION, GOODRICH CORPORATION, and ATLANTIC INERTIAL SYSTEMS, INC. d/b/a COLLINS AEROSPACE**,

By its attorneys,

*/s/ James C. McGrath*
James C. McGrath (ct27082)
jcmcgrath@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

*Pro hac vice forthcoming*
Sarah B. Affel (Mass BBO# 672651)
saffel@seyfarth.com
Christopher F. Robertson (Mass BBO# 642094)
crobertson@seyfarth.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, a true and correct copy of the foregoing Notice of Removal, with Exhibits, and Civil Cover Sheet, was filed with the Clerk using the CM/ECF filing system and served upon all counsel of record via United States Postal Service, proper postage prepaid, and email at the following address:

Todd Steigman
**Madsen, Prestley & Parenteau, LLC**
402 Asylum Street
Hartford, CT 06103
860-246-2466
tsteigman@mppjustice.com

/s/ James C. McGrath
James C. McGrath
Attorney for Defendants

321789797v.2